WILLS—UNDUE INFLUENCE—PRESUMPTION AND BURDEN OF PROOF.
    The fact that one of the principal legatees under the will of an aged testator was his attorney, and was the only person who took part in its preparation, creates no presumption against the validity of the will or the legacy, but undue influence must be proved, and not merely assumed, to exist.

In the matter of the probate of the will of William Murphy, deceased. Probate decreed.

Turner, McClure & Rolston (James F. Horan, of counsel), for proponent.

Maurice Rapp, for contestant.

VARNUM, S. The testator, by a will dated July 11, 1897, and executed on that day, gave $500 for masses for the repose of his soul, $1,000 and all his furniture to his housekeeper, and the balance of his property, real and personal, to his "friends, John Kelly and Joseph Martin, to be divided equally between them," and said Joseph Martin was appointed executor. There were three subscribing witnesses to the will, one of whom was a son of the beneficiary and executor,

Joseph Martin.   The will is contested by John Kelly, one of the beneficiaries above named, on the ground chiefly of undue influence; it being alleged in the objections that the beneficiary Martin was decedent's lawyer, that no other person besides Martin took any part in the preparation or drawing of the will, and that the same was the result of fraud, circumvention, and undue influence exercised by said Martin, who, contrary to the wishes and instructions of the testator, inserted his name as a legatee, and procured the execution of the will by the testator, who was aged and infirm, and who was ignorant of its contents.   I find, as to the factum of the will, that it was executed in due form of law.   As to the question of undue influence, it resolves itself chiefly, if not entirely, to the point that the beneficiary Martin was the lawyer of the testator, and the person who drew the will. The law views with peculiar suspicion transactions between a testator and a person who occupies a confidential professional capacity. Cowee v. Cornell, 75 N. Y. 100; Green v. Roworth, 113 N. Y. 470, 21 N. E. 165; Nesbit v. Lockman, 34 N. Y. 167; In re Smith, 95 N. Y. 516; Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430; Post v. Mason, 91 N. Y. 539; In re Welsh, 1 Redf. Sur. 238.   But the fact that a principal legatee is the attorney to the testator does not create a presumption against the validity of a will or legacy.   95 N. Y. 516; 91 N. Y. 539.   Undue influence must be proved, and not merely assumed, to exist.   Loder v. Whelpley, 111 N. Y. 250, 18 N. E. 874. The testator's will was executed 19 months before his death.   The contestant, Kelly, was not a near relative of his, but merely a second cousin, who came to visit him about once a week.   There is no satisfactory evidence to show that the will was not the free, untrammeled, and independent expression of the wishes and intention of the testator.   95 N. Y. 516.   I am therefore of opinion that it should be admitted to probate, and so direct.   Submit findings and decree.

Probate decreed.