tax to which this estate is liable, allowing such exemptions, is the sum of $8,481.35; and a decree to that effect will be entered.

Decreed accordingly.

(55 Misc. Rep. 170.)

In re WILCOX'S ESTATE.

(Surrogate's Court, Cattaraugus County.   June, 1907.)

1. WILLS—PROBATE—EVIDENCE—UNDUE INFLUENCE.

Testatrix bequeathed the principal part of her estate to a nephew, whom she appointed executor, requesting him to give such amounts as he might deem fit to friends. He had been her attorney and drew the will, but all statutory formalities were observed, and subscribing witnesses testified as to her testamentary capacity and freedom from restraint. She stated to attesting witnesses that she was familiar with the contents of the will and that the legatee was her favorite nephew. No other person possessed any stronger claim on her bounty. *Held*, that the probate of the will would not be revoked.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 421.]

2. SAME—CONSTRUCTION.

In a proceeding for the revocation of a will, the surrogate has no jurisdiction to construe its provisions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 544.]

In the matter of the estate of Frances D. Wilcox.   Proceedings for revocation of probate of will.   Revocation denied.

G. W. Cole, for executor.

W. G. Laidlaw, special guardian.

T. H. Dowd and R. R. Crowley, for certain heirs at law and next of kin.

DAVIE, S.   The will of Frances D. Wilcox, deceased, was admitted to probate without opposition February 26, 1906, and letters testamentary thereupon issued to Charles E. Congdon.   The estate, consisting principally of personal property, amounts to about $7,000 in value.   The will in question contains various minor bequests to friends and relatives of the testatrix.   The fifth item is as follows:

"I give and bequeath to Charles E. Congdon of Salamanca, N. Y., who is hereinafter named to be my executor, the sum of one thousand dollars to be paid to him in full as compensation for his services as such executor, and he is not to receive any fees, allowances, commissions or compensation for such services in addition thereto."

The residuary clause of said will is as follows:

"Lastly, I give, devise, and bequeath to Charles E. Congdon, my nephew, of Salamanca, N. Y., all the rest and remainder of my property, real and personal, of every kind and nature, to be used by him in his own discretion. And I desire him to distribute the same to those of my friends who are kind to me in my declining years in such amounts as he may deem fit, and the balance thereof, if any, after such distribution shall belong to the said Charles E. Congdon and to his heirs."

The executor and residuary legatee is an attorney at law, residing and practicing at Salamanca, N. Y., and for some time immediately preceding the execution of the will the relation of attorney and client

had existed between him and the testatrix, and he drew the will and superintended the details of its execution. Within the proper time certain heirs at law and next of kin of the testatrix filed the necessary petition for a revocation of the probate of such will, pursuant to the provisions of section 2648 of the Code of Civil Procedure. The petitioners also filed a request for a construction of the residuary clause of the will above quoted, in conformity with the provisions of section 2624 of the Code of Civil Procedure.

The evidence of the attesting witnesses in regard to all the statutory formalities in the execution of the will is more than ordinarily satisfactory and convincing. These witnesses, who were intimately acquainted with the testatrix, speak in unequivocal terms of her testamentary capacity and freedom from restraint at the time of the execution of the will. The testatrix was a woman of fair intelligence and business ability, and at the time of the execution of the will she stated to the attesting witnesses that she was familiar with its contents. The principal consideration relied upon by the contestants is the fact that the attorney for the testatrix, who drew the will in question, became the principal beneficiary under its provisions. The law is well settled that, where the draftsman of the will has been an agent or attorney of the testatrix and is made a beneficiary under the will, the courts will closely scrutinize the transaction; but no presumption of undue influence necessarily arises therefrom. Matter of Gallup, 43 App. Div. 437, 60 N. Y. Supp. 137; Lake v. Ranney, 33 Barb. 49; Matter of Murphy, 28 Misc. Rep. 650, 59 N. Y. Supp. 1078. In the case last cited the surrogate says:

"As to the question of undue influence, it resolves itself chiefly, if not entirely, to the point that the beneficiary, Martin, was the lawyer of the testatrix and the person who drew the will. The law views with peculiar suspicion transactions between a testator and a person who occupies a confidential professional capacity. Cowee v. Cornell, 75 N. Y. 100, 31 Am. Rep. 428; Green v. Roworth, 113 N. Y. 470, 21 N. E. 165; Nesbit v. Lockman, 34 N. Y. 167; In re Smith, 95 N. Y. 516; Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430; Post v. Mason, 91 N. Y. 539, 43 Am. Rep. 689; In re Welsh, 1 Redf. Sur. 238. But the fact that the principal legatee is the attorney to the testator does not create a presumption against the validity of a will or legacy. In re Smith, 95 N. Y. 516; Post v. Mason, 91 N. Y. 539, 43 Am. Rep. 689. Undue influence must be proved, and not merely assumed to exist. Loder v. Whelpley, 111 N. Y. 250, 18 N. E. 874."

This is undoubtedly a correct statement of the legal rule applicable to the situation under consideration. The testatrix was a widow, having no child or descendant. The legatee Congdon was a nephew, concerning whom testatrix had previously spoken in commendatory terms, calling him her "favorite nephew." It does not appear that any other person possessed any stronger claims upon her bounty or was a more natural object of her testamentary benefactions. Under such circumstances no legal or substantial reason exists for revoking probate of this will.

No request was filed or issue raised in relation to the construction of the residuary clause of this will upon the original probate, and the question arises as to whether the Surrogate's Court possesses jurisdiction to entertain the question of construction on this application for

'revocation of probate. While Surrogates' Courts possess and exercise the power to construe testamentary dispositions of personal·estate as a necessary incident to accountings and distribution under the authority of the provisions of section 2472, Code of Civil Procedure, yet they possess no general jurisdiction to construe the provisions of wills. Their authority in this particular is limited to those instances of incidental necessity above referred to and to those cases where authority is expressly conferred by statutory provisions. By the provisions of chapter 359, p. 826, of the Laws of 1870, the Surrogate's Court of the county of New York was given jurisdiction in connection with probate · to construe testamentary dispositions of both real and personal estate. That statute provided:

"In any proceeding before the surrogate (that is before the surrogate of the county of New York) to prove the last will and testament of any deceased person as a will of real and personal estate, in case the validity of any of the dispositions contained in such will is contested or their construction or legal effect are called in question by any of the heirs or next of kin of the deceased or any legatee or devisee named in the will, the surrogate shall have the same power and jurisdiction as is now vested in and exercised by the Supreme Court to pass upon and determine the true construction, validity and legal effect thereof."

By subsequent enactment this jurisdiction was extended, limited, however, to domestic wills of personal estate, to all the Surrogates' Courts of the state. Code Civ. Proc. § 2624. This section provides:

"But if a party expressly puts in issue, before the surrogate, the validity, construction, or effect of any disposition of personal property, contained in the will of a resident of the state, executed within the state, the surrogate must determine the question upon rendering a decree; unless the decree refuses to admit the will to probate, by reason of a failure to prove any of the matters specified in the last section."

This provision constitutes a part of chapter 18, tit. 3, art. 1, relating to the probate of wills. The provision for revocation of probate constitutes a separate article. The question then is: Do the provisions of section 2624 confer upon the Surrogate's Court jurisdiction to construe a will in proceedings for revocation of its probate? The Court of Appeals, in construing the provision of chapter 359, p. 826, Laws of 1870, above quoted, says:

"The act of 1870 (chapter 359, p. 829, § 11) does not affect the question before · us adversely to these views. It is rather a legislative declaration that such jurisdiction does not exist without express conferment by statute. By that statute the same power and jurisdiction was given to the surrogate of New York, in any proceeding before him to prove a will, as is vested in the Supreme Court, to determine the true construction, validity, and legal effect of the will. It is seen that the power thereby given is restricted to a proceeding to prove a will, and to that only." Bevan v. Cooper, 72 N. Y. 317–329.

In the Matter of Ellis, 4 N. Y. Supp. 180, Surrogate Ransom distinctly decided that, on proceedings for revocation, no construction could be entertained. He says:

"The petitioners are, of course, at liberty to avail themselves herein of the allegations in the petition as to the sufficiency of the execution of the will. Any question, however, affecting the validity of the provisions of the will or their construction, they are, in view of what I consider. to be the proper· na-

ture and scope of this proceeding, precluded from raising now. In the proceeding for the probate of the will was the proper place to present such question. Sections 2647 and 2653 of the Code, which under the circumstances they mention authorize the revocation of a probate of a will of personal estate, do not, nor does the title of which they form a part, afford any warrant for determining, in the proceedings to which they relate, the validity, construction, or effect of any disposition of property made by a will. See note to section 2647 (Throop's Ed.) Code of Civil Procedure."

In view of these and various other kindred authorities, it must be held that the probate of the will in question be confirmed and that there is no jurisdiction in this proceeding to construe the residuary clause thereof. A decree will be accordingly entered.

Decreed accordingly.